UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD SULLIVAN, Jr.,

        Plaintiff,               CASE NO. 04-CV-73741-DT
v.                                   HONORABLE GERALD E. ROSEN
                                        UNITED STATES DISTRICT JUDGE

MICHIGAN DEPARTMENT OF
CORRECTIONS, et. al.;

        Defendants,

_____/

**OPINION AND ORDER DENYING THE MOTIONS FOR THE APPOINTMENT
OF COUNSEL AND FOR A TEMPORARY RESTRAINING ORDER**

On September 28, 2004, plaintiff, a state prisoner incarcerated at the Ryan Correctional Facility in Detroit, Michigan, filed a *pro se* civil rights complaint 42 U.S.C. § 1983. On October 19, 2004, this Court dismissed the complaint for being frivolous and for failing to state a claim upon which relief can be granted. On October 27, 2004, this Court denied plaintiff's motion to amend the complaint and the motion for general discovery. Before the Court are plaintiff's motions for the appointment of counsel and for the issuance of a temporary restraining order. For the reasons stated below, the motions are **DENIED.**

The Court will deny plaintiff's request for the appointment of counsel. Although there is a fundamental constitutional right to counsel in criminal cases,

1

there is no constitutional right to appointed counsel in a civil case. *Abdur-Rahman v. Michigan Dep't of Corrections,* 65 F. 3d 489, 492 (6th Cir. 1995). Plaintiff also does not have a statutory right to the appointment of counsel in a federal civil rights case. *See Glover v. Johnson*, 75 F. 3d 264, 268 (6th Cir. 1996). Appointment of counsel is not appropriate in a civil case where a *pro se* litigant's claims are frivolous or without merit. *See Lavado v. Keohane,* 992 F. 2d 601, 605-06 (6th Cir. 1993). Because this Court has already determined that plaintiff's claims are frivolous, the Court declines to appoint counsel in this case.

The Court will likewise deny plaintiff's request for a temporary restraining order against the defendants in this case. When determining whether to issue temporary injunctive relief, a district court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether the issuance of the injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunctive relief. *See Marchwinski v. Howard*, 309 F. 3d 330, 333 (6th Cir. 2002). Because plaintiff did not establish a violation of a constitutional right by the defendants in this case, he is not entitled to a temporary restraining order in this case. *See Sarah v. Thompson,* 109 Fed. Appx. 770, 772 (6th Cir. 2004). Moreover, plaintiff's conclusory allegation that the defendants would retaliate against him for filing this lawsuit would be insufficient to obtain a temporary restraining order. *See Crump v. Curtis,* 50 Fed. Appx. 217, 218 (6th Cir. 2002).

**ORDER**

**IT IS HEREBY ORDERED** that plaintiff's motion for the appointment of counsel [Docket Entry # 6] and the motion for a temporary restraining order [Docket Entry # 7] are **DENIED.**

                                   s/Gerald E. Rosen
                                   Gerald E. Rosen
                                   United States District Judge

Dated: May 25, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 25, 2005, by electronic and/or ordinary mail.

                                   s/LaShawn R. Saulsberry
                                   Case Manager